IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES C. GRANDE, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 13-128 |
| CVS CAREMARK, | : |
| Defendant. | : |

**MEMORANDUM**

TUCKER, C.J.                                                              October 22, 2014

Presently before the Court is Defendant CVS Caremark's unopposed Motion for Summary Judgment (Doc. 23). Upon consideration of the motion with exhibits, and for the reasons set forth below, Defendant's Motion for Summary Judgment is **GRANTED.**

I.   **FACTS AND PROCEDURAL BACKGROUND**

Because the Court writes primarily for the parties, the Court sets forth only those facts that are relevant to its conclusion. Pro Se Plaintiff James C. Grande ("Grande") claims that on the morning of February 8, 2009, he was approached by an individual identifying himself as a CVS security guard while exiting the Defendant CVS Caremark's ("CVS") store located near the intersection of Chestnut Street and 19th Street in Philadelphia, Pennsylvania. (Compl. ¶ 4-5.) Grande claims that this individual told him to empty his pockets and when Grande refused, the individual aggressively blocked Grande's path and struck Grande in the face with considerable force. (*Id.* at ¶ 6.) Grande claims that he did not touch the CVS guard. (*Id.* at ¶ 7.) Grande was then arrested and told that the arrest came about because he stole $11 worth of CVS products. (*Id.* at ¶ 8.) Grande claims that he was falsely imprisoned for 9 days, during which he was stripped of his money, suffered numerous rights violations, denied medical attention, and

1

exposed to a number of threatening situations. (*Id.* at ¶ 9.) Grande claims that while he was imprisoned, he learned that the CVS guard falsely accused Grande of striking him. (*Id.* at ¶ 10.) On February 14, 2009, Grande claims, the CVS guard testified in a preliminary municipal court hearing that he struck Grande. (*Id.* at ¶ 11.) Grande also alleges that after this preliminary municipal hearing, two municipal court trials were held where Grande was present and CVS representatives failed to appear. (*Id.* at ¶ 12.) Grande claims that after these two municipal court trials, all charges against him were dismissed. (*Id.* at ¶ 12.)

Following this incident, Grande claims that CVS used his identity to file a tax return and cause a federal lien of $89,000 to be placed on Grande. (*Id.* at ¶ 33.) Grande notes that the lien lasted for almost two years and was unknown to him. (*Id.*) Grande asserts that his identity was again used fraudulently by CVS "by having his voice and name on an authorized phone account." (*Id.* at ¶ 34.) Both of these incidents of fraud, Grande contends, were recorded on a police report with the filing number, "DC 12-9-40601." (*Id.* at ¶ 35.) As a result of the lien against his name, Grande claims that he suffered substantial monetary injury as he was unable to obtain loans or financial support of any kind during the two year period in which the lien existed. (*Id.* at ¶ 36-38.)

In December 2012, Grande filed a Complaint with the Court of Common Pleas of Philadelphia County, alleging one claim of fraud for the improper use of his identity, another claim of fraud for causing Grande to be falsely arrested, and further claims of assault and battery, wrongful use of civil process, and negligence. On January 9, 2013, CVS removed this case to the Eastern District of Pennsylvania. On February 15, 2013, CVS filed a Motion to Dismiss, asserting that Grande's claims were barred by the applicable statute of limitations. This Court, on July 17, 2013, granted CVS' Motion to Dismiss as to all claims except for Grande's claim of

fraud based on the improper use of his identity. After a period of discovery, CVS submitted the instant Motion for Summary Judgment. Grande has not opposed or challenged CVS' motion in any way. Grande has submitted no briefs or written filings in his defense nor has he submitted any documents, depositions, affidavits, or other evidence in support of his position. CVS' motion contends that there is no evidence to support Grande's remaining claim of fraud and that Grande has made no effort to provide CVS or this Court with any facts that support his allegations. The Court's analysis follows.

## II. STANDARD OF REVIEW

Summary judgment is awarded only when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(a); *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *See Anderson*, 477 U.S. at 248; *Fakete v. Aetna, Inc.*, 308 F.3d 335, 337 (3d Cir. 2002).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. *See Celotex v. Catrett*, 477 U.S. 317, 327 (1986). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Under Federal Rule of Civil Procedure 56(e), the opposing party must set forth specific

facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *See Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007).

At the summary judgment stage the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249 (citations omitted); *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *See Horsehead Indus., Inc. v. Paramount Communications, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001). The court must award summary judgment on all claims unless the non-moving party shows through affidavits or admissible evidence that an issue of material fact remains. *See, e.g., Love v. Rancocas Hosp.*, 270 F. Supp. 2d 576, 579 (D.N.J. 2003); *Koch Materials Co. v. Shore Slurry Seal, Inc.*, 205 F. Supp. 2d 324, 330 (D.N.J. 2002).

## III. DISCUSSION

### A. Grande's Remaining Claim of Fraud

"Fraud is the misrepresentation of a material fact on which the other party relies to his injury." *Edelstein v. Carole House Apartments, Inc.*, 286 A.2d 658, 661 (Pa. Super. Ct. 1971); *see also Linda Coal & Supply Co. v. Tasa Coal Co.*, 204 A.2d 451, 454 (Pa. 1964); *Greenwood v. Kadoich*, 357 A.2d 604, 606-08 (Pa. Super. Ct. 1976); *In re Reichert's Estate*, 51 A.2d 615, 617 (Pa. 1947) ("As a general rule, fraud consists in anything calculated to deceive . . . ."). The courts of Pennsylvania have stated that a claim based on such intentional misrepresentation requires: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the

resulting injury was proximately caused by the reliance. *Bortz v. Noon*, 729 A.2d 555, 560 (Pa. 1999); *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994).

Here, Grande fails not only to present any evidence that suggests a genuine dispute of material fact exists, but he fails to produce any evidence at all in defense of his fraud claim. Grande provides no affidavits, interrogatories, or depositions regarding this event despite CVS' showing of numerous efforts to procure his testimony, answers, and supporting documentation. (Def.'s Mot. for Summ. J., Ex. E, F, G, H, I, and J.) Grande does mention in his Complaint that both incidents of fraud were recorded by the police on a report with the filing number, "DC 12-9-40601." CVS provides this document, which reads: "[Grande] states back in August 15, 2012 he received a letter in the mail from the internal revenue service informing him of fraudulent activity committed by an unknown person who used his social security number." (Def.'s Mot. for Summ. J., Ex. L.) In no way does this document support Grande's assertion that CVS was the entity responsible for the fraudulent activity alleged in his Complaint. Grande makes no effort to challenge the legitimacy of this document or CVS' assertion that there is no evidence in the record linking CVS to the fraud alleged by Grande. Based on the record before it, this Court finds that there is no genuine dispute of material fact regarding whether CVS fraudulently used Grande's identifying information.

## IV. CONCLUSION

For the foregoing reasons, Defendant CVS' Motion for Summary Judgment will be granted. An appropriate order follows.